IN THE SUPREME COURT OF THE STATE OF DELAWARE

LEPRE DOUGHTY, §
§
§
Defendant Below, § No. 178, 2016
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID Nos. 1008005495
§
Plaintiff Below, §
Appellee. §

Submitted: July 22, 2016
Decided:    September 14, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 14th day of September 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Lepre Doughty, filed this appeal from the Superior Court's March 17, 2016 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Doughty's opening brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that, on July 12, 2011, Doughty pled guilty to Robbery in the First Degree, Robbery in the Second Degree, Conspiracy, and

Burglary in the Third Degree. Doughty was sentenced as follows: (i) for Robbery in the First Degree, twenty-five years of Level V incarceration, with credit for 339 days previously served, suspended after four years for two years of Level III probation; (ii) for Robbery in the Second Degree, five years of Level V incarceration, suspended for two years of Level III probation; (iii) for Conspiracy in the Second Degree, two years of Level V incarceration, suspended for one year of Level III probation; and (iv) for Burglary in the Third Degree, two years of Level V incarceration suspended for one year of Level III probation. Doughty did not appeal the Superior Court's judgment.

(3) On August 8, 2014, the Superior Court found that Doughty committed his first VOP. Doughty was sentenced as follows: (i) for Robbery in the First Degree, twenty years and nine months of Level V incarceration, suspended after nine months for one year of Level III probation; (ii) for Robbery in the Second Degree, five years of Level V incarceration, suspended for one year of Level III probation; (iii) for Conspiracy in the Second Degree, two years of Level V incarceration, suspended for one year of Level III probation; and (iv) for Burglary in the Third Degree, two years of Level V incarceration suspended for one year of Level III probation. Doughty did not appeal the Superior Court's judgment.

(4) On September 24, 2015, the Superior Court found that Doughty committed his second VOP. Doughty was sentenced as follows: (i) for Robbery in

2

the First Degree, twenty years of Level V incarceration, suspended for eighteen months of Level III probation with GPS monitoring; (ii) for Robbery in the Second Degree, five years of Level V incarceration, suspended for eighteen months of Level III probation; (iii) for Conspiracy in the Second Degree, eighteen months of of Level V incarceration, suspended for eighteen months of Level III probation with GPS monitoring; and (iv) for Burglary in the Third Degree, two years of Level V incarceration suspended for eighteen months of Level III probation. Doughty did not appeal the Superior Court's judgment.

(5) In January 2016, Doughty violated his probation by leaving the state multiple times without his probation officer's permission and was required to serve three days at the Level IV VOP Center. Later that month, an administrative warrant was issued for Doughty's fourth VOP. The warrant alleged that Doughty's VOPs included his arrest for new crimes, failure to report to his probation officer, a diluted urine screen, and a urine screen that tested positive for marijuana.

(6) On March 17, 2016, the Superior Court found that Doughty had violated his probation. Doughty was sentenced as follows: (i) for Robbery in the First Degree, nineteen years and six months of Level V incarceration, suspended after two years for eighteen months of Level III probation with GPS monitoring; (ii) for Robbery in the Second Degree, five years of Level V incarceration, suspended for eighteen months of Level III probation with GPS monitoring; (iii) for Conspiracy

3

in the Second Degree, eighteen months of Level V incarceration, suspended for eighteen months of Level III probation with GPS monitoring; and (iv) for Burglary in the Third Degree, two years of Level V incarceration suspended for eighteen months of Level III probation with GPS monitoring. This appeal followed.

(7) In his opening brief, Doughty admits (as he did at the VOP hearing) that he violated his probation, but argues that his sentence was excessive and his VOP counsel was ineffective. Our review of a sentence generally ends once we determine that the sentence is within the statutory limits prescribed by the legislature.[1] Once Doughty committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Doughty's sentences.[2] The Level V sentenced imposed for Doughty's VOP — twenty-eight years suspended after two years—did not exceed the twenty-eight years and six months of Level V time previously suspended for Doughty's conviction and was within statutory limits.

(8) When the sentence is within the statutory limits, as it is here, this Court will not find an abuse of discretion unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind.[3] Doughty appears to claim that

---

[1] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[2] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).
[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

4

the Superior Court judge relied on his probation officer's false and misleading testimony in sentencing him. The record does not support this claim.

(9) Doughty's probation officer referred to Doughty's arrest for heroin and weapons found at his residence, but acknowledged that the State had dismissed those charges and that another person shared Doughty's residence. Doughty also complains that his probation officer stated that he was unemployed, left the state without permission, and failed to pay his fines, but admits that he was unemployed and left the state without permission. There is no indication in the record that the Superior Court relied on impermissible factors or sentenced Doughty with a closed mind. As to Doughty's ineffective assistance of counsel claim, we decline to consider that claim for the first time on direct appeal.[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[4] *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015); *Sahin v. State*, 7 A.3d 450, 451 (Del. 2010).

5